### WILLIAMS v. BOSWELL, U. S. Marshal.

### MILLS v. SAME.

(Circuit Court of Appeals, Fifth Circuit. January 31, 1919.)

### Nos. 3281, 3282.

CRIMINAL LAW ⊝242(4)—REMOVAL OF ACCUSED TO OTHER DISTRICT FOR TRIAL —INDICTMENT.

Indictments *held* sufficient to charge petitioners with a conspiracy to violate the Reed-Jones Amendment to the Post Office Appropriation Bill of March 3, 1917 (Comp. St. 1918, § 8739a), by the unlawful transportation of intoxicating liquors in interstate commerce, so as to warrant their removal from Georgia to Florida for trial.

Appeal from the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Petitions by J. J. Williams and E. P. Mills for writs of habeas corpus for discharge from the custody of N. H. Boswell, United States Marshal for the Southern District of Florida. From judgments denying the writs, petitioners appeal. Affirmed.

The following is the opinion of Call, District Judge:

Four persons, A. D. Wright, Gabe Lippman, E. P. Mills, and J. J. Williams, each filed his petition for a writ of habeas corpus seeking to be discharged from the custody of the marshal of this district. The petitions in each case allege, and the marshal's returns show, that he holds each of the defendants by virtue, of commissioner's commitments for removal to the Southern district of Georgia.

The proofs introduced before the commissioner on the hearing were certified copies of indictments found in the Southern district of Georgia, the warrants of arrest issued thereon, and the admission of the defendants of their identi-

ties. One indictment is against Wright for aiding and abetting, a copy of which is made a part of his petition. Four indictments are against Lippman, one for aiding and abetting and three for conspiracy. Six indictments are against Mills, three for aiding and abetting and three for conspiracy. Two indictments are against Williams, one for conspiracy and one for aiding and abetting.

The charging part of these several indictments, except the names of the defendants and dates, are the same. The cases of these petitioners may therefore be considered together, and the decision of one will govern the others.

The attack made upon all the indictments is that no violation of law is stated.

The statute involved in these indictments is the Reed-Jones Amendment to the Post Office Appropriation Bill of March 3, 1917, c. 162, 39 Stat. 1069. The portion applicable reads as follows:

"Whoever shall order, purchase, or cause intoxicating liquors to be transported in interstate commerce except for scientific, sacramental, medicinal and mechanical purposes, into any state or territory the laws of which state or territory prohibit the manufacture or sale therein of intoxicating liquors for beverage purposes, shall be punished as aforesaid." Comp. St. 1918, § 8739a.

Then follows some provisos which are not material to this investigation.

There is no question but that this law was adopted to prevent the violation of the prohibition laws of the states and territories through interstate shipments of liquor for beverage purposes. Nor can it be questioned, I think, that an indictment to charge a violation of this act must by apt words show that the liquor shipped in interstate commerce was intended for use in the state prohibiting the manufacture or sale for beverage purposes.

It is contended for the petitioners that none of these indictments do make this charge. The indictment in the Williams case, taken as an example, is as follows:

"That heretofore, to wit, on the second day of March, in the year of our Lord one thousand nine hundred and eighteen, one J. J. Williams, * * * all late of said division and district, unlawfully, knowingly, and feloniously did within said division and district, and within the jurisdiction of this court, conspire, combine, confederate and agree together to commit an offense against the United States; that is to say, to cause intoxicating liquors to be transported in interstate commerce from Jacksonville in the state of Florida to Beaulieu in the county of Chatham, state of Georgia, the laws of which state of Georgia did prohibit the manufacture and sale therein of intoxicating liquors for beverage purposes, said intoxicating liquors not then and there to be transported for sacramental, medicinal, mechanical or scientific purposes, as they, the said conspirators, then and there well knew."

It is insisted that there is no charge contained in these indictments that the liquor agreed to be transported in interstate commerce was finally destined for Beaulieu, but, admitting the truth of the allegation, it might still be a shipment passing through the dry state to a state allowing the sale and manufacture of intoxicating liquors. This contention does not seem to me to be tenable. It is charged that the conspiracy was to ship liquors from Jacksonville in Florida, to Beaulieu in Georgia. If the proof should show that the agreement was to ship liquors through Beaulieu to some other point, the defendants would be entitled to have a peremptory instruction for acquittal. The language used must receive a reasonable construction, and a construction of the language used making it apply to a through shipment would in my judgment be unreasonable.

The destination of the shipment would have been no more definite had a consignee, with his resident in the prohibition state, been named, than is expressed by the language of the indictment.

It is also insisted that it is not sufficient for the indictment to state that said liquors were not to be transported for sacramental, etc., purposes, but that the purpose should have been stated. The indictment negatives the only legal purposes for which the liquor could have been shipped. If shipped for any purpose other than those enumerated in the statute, the shipment is illegal and an agreement to do so is a criminal conspiracy. As I understand the

argument of counsel, it is contended that, because the act in question was intended to prevent the violation of the prohibition laws of the states through interstate shipments of liquor, therefore it is necessary for the indictment to allege that the liquor so shipped was for beverage purposes, and the negativing of the lawful purposes for which liquor could be shipped into the prohibition state is not sufficient. That contention is disposed of by what I have said above.

What I have said above, I think, disposes of the main objections to the conspiracy indictments. Any minor objections which go to the form of the indictment rather than to the substance are to be determined in the court where they were found. Haas v. Henkel, 216 U. S. 481, 30 Sup. Ct. 249, 54 L. Ed. 569.

What I have said in regard to the conspiracy indictments disposes of the main objections urged against the aiding and abetting indictments. It is, however, further urged against these indictments that, since section 332 of the Criminal Code (Act March 4, 1909, c. 321, 35 Stat. 1152 [Comp. St. § 10506]) makes the aider and abettor a principal, it is not sufficient to charge him in the language used in these indictments. The language used in these indictments is that usually set forth in the forms to charge one with aiding and abetting, and this was held sufficient in Coffin v. U. S., 156 U. S. 448, 15 Sup. Ct. 394, 39 L. Ed. 481. But it is not necessary for me to decide upon the sufficiency of the aiding and abetting indictments except in the Wright case.

It is also urged that these indictments and admission of identity are not sufficient to make a case of probable cause, which is all that is necessary to authorize a commitment for removal. This contention is disposed of by Price v. Henkel, 216 U. S. 491, 30 Sup. Ct. 257, 54 L. Ed. 581.

The writs of habeas corpus will be, therefore, dismissed, and the petitioners remanded to the custody of the marshal.

It will be so ordered.

Charles M. Cooper, Chas. P. Cooper, and J. J. G. Cooper, all of Jacksonville, Fla., for appellant Williams.

Miles W. Lewis, Wm. A. Hallowes, Jr., Chas. M. Cooper, Chas. P. Cooper, and J. J. G. Cooper, all of Jacksonville, Fla., for appellant Mills.

H. S. Phillips, U. S. Atty., of Tampa, Fla., and Fred Botts, Asst. U. S. Atty., of Jacksonville, Fla., for appellee.

Before PARDEE, WALKER, and BATTS, Circuit Judges.

PER CURIAM. The above-entitled cases, involving practically the same issues, were tried and disposed of together in the lower court, and, although brought here separately for review, were argued and submitted together.

We have considered the records, the briefs submitted, the authorities cited, and the elaborate opinion of the trial judge fully considering and discussing the issues presented.

From our examination, we conclude that the only question raised and necessary for our consideration and decision in these cases is whether the indictments found by the grand jury of the Eastern district of the state of Georgia sufficiently charge the appellants with a conspiracy to violate the laws of the United States to warrant appellants' removal from Florida to Georgia for trial.

Under the authorities cited by the trial judge and during the argument of the case, we are fully satisfied that the indictments are sufficient.

The judgments are affirmed in both cases.